UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:13CV2659 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| NOBLE HOMES, INC., et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a partial motion to dismiss (Doc. 41) filed by Defendants. Within their motion, Defendants contend that a discrete portion of the amended complaint – the claims related to the Hampton Court Condominium Properties – are time barred. The Government has opposed the motion, and Defendants have replied. For the reasons that follow, the motion is DENIED.

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41,

>45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

In the instant matter, Defendants contend that the claims related to Hampton Court are clearly time-barred by a review of the allegations in the complaint. In response, the Government contends that it has properly pled a pattern or practice claim, thereby extending the statute of limitations for claims related to Hampton Court.

Upon review of the complaint, the Court agrees with the Government's contention. At this stage of the proceedings, a proper claim has been alleged in the complaint. The complaint alleges the following facts: 1) that Hampton Court and Windham Bridge were designed and constructed by the same defendants, 2) that the two developments were built on adjacent parcels of

land, 3) that the two developments had overlapping construction schedules, 4) that the common property located within Hampton Court is occupied legally by "Windham Bridge Condominiums", and 5) that both the entities suffer from the same accessibility violations. While Defendants assert that these two developments were entirely separate projects, they ignore the pleading requirements.  Based upon the facts alleged, a logical inference can be drawn that the projects were interrelated sufficiently to allow a pattern and practice claim to exist. Accordingly, Defendants' contention that the claims related to Hampton Court are time-barred is not well taken.

The motion to dismiss is DENIED.

IT IS SO ORDERED.

    August 14, 2014                           */s/ John R. Adams*
Date                                         Judge John R. Adams
                                               United States District Court