UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.: 5:13CV2659 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| Noble Homes, Inc., et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to intervene filed by movant Fair Housing Advocates Association ("FHAA").  FHAA filed its motion on August 14, 2014, and no timely opposition has been filed.  For the reasons that follow, the motion is DENIED.

Federal Rule of Civil Procedure 24 allows for two types of intervention: intervention of right and permissive intervention. Subsection (a)(2) of the rule provides that a non-party may intervene as "of right" when, "[o]n timely motion," the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In other words, Rule 24 allows an absentee party to petition for intervention when it "stands to have its interests harmed." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 670 n.13 (6th Cir. 2004). The Sixth Circuit has held that Rule 24 "should be 'broadly construed in favor of potential intervenors.'" *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

> [FHAA] must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Granholm*, 501 F.3d at 779 (citing *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). Each of the factors must be shown, as the absence of even one will compel the Court to deny the motion. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

The Court finds that the first factor noted above has not been satisfied, that is, the motion is not timely.  The United States filed its complaint in this matter on December 2, 2013.  The Court conducted its case management conference on March 18, 2014, setting a discovery deadline of September 18, 2014.  Parties were to be joined and pleadings were to be amended by no later than May 14, 2014.  FHAA, however, did not seek to intervene until August 14, 2014.  As such, the motion did not become ripe for adjudication until August 29, 2014, a mere three weeks before the close of discovery.  FHAA offers no argument with respect to why its motion was not filed until the end of discovery.  Moreover, while asserting that its intervention will not cause any delay in this matter, FHAA contends that it will conduct no independent discovery.  In so arguing, FHAA ignores whether its intervention will cause *any* of the **nine** named defendants to be required to seek or expand discovery to address FHAA's allegations.

While accepting that FHAA has a legal interest in the matter before the Court, the Court also finds FHAA's adequacy of representation argument less-than-compelling.

> Lastly, the movants must show that the parties before the Court will not adequately represent the movant's interests. The burden for this showing is "'minimal.'" *Horrigan*, 1998 WL 246008 at *3 (quoting *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10 (1972)). It is sufficient for the movant to show that another's representation may be inadequate—the movant need not show that

> representation will in fact be inadequate. *Miller*, 103 F.3d at 1247. For instance, it is enough that the movant shows a party already in the case may make different arguments or pursue different trial tactics. *Id*.

*Id.* at 547.   In the instant matter, FHAA has done nothing other than allege that it may at some unknown point in the future raise different arguments than the United States.   It fails to even hint at what these arguments may be.   While the burden is minimal, adopting FHAA's argument would reduce it to non-existent.

Furthermore, any assertions that FHAA and the Government's interests and arguments may diverge is underscored by the remainder of FHAA's brief.   In fact, FHAA concedes that it will seek no independent discovery – an almost tacit admission that its interests are and have been adequately represented by the United States.

Assuming arguendo that FHAA's bare bones assertion regarding different arguments is sufficient to satisfy its burden, the Court would still find that the untimely nature of its filing is sufficient reason standing alone to deny the motion to intervene.  The untimely nature of the motion is highlighted by the fact that FHAA first began its investigation of the properties at issue on August 8, 2011.   As noted above, suit was filed nearly two years after that investigation was started and specifically alleged the actions taken by FHAA and the diversion of its resources.   As such, the Court can find no justification for the delay in FHAA seeking to intervene in this matter.

The motion to intervene is DENIED.

IT IS SO ORDERED.


September 10, 2014              */s/ John R. Adams*
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE