UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO.: 5:13CV2659 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| Noble Homes, Inc., et al., | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion for reconsideration filed by the United States. Doc. 68. Specifically, the United States seeks to have this Court consider its opposition to Defendants' motion to amend their answer. The motion for reconsideration is GRANTED. However, the Court adheres to its prior decision to allow the amendment.

Additionally pending before the Court is Defendants' motion to preclude the United States from using its rebuttal expert. Doc. 76. The motion is GRANTED.

Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] ... when justice so requires." Fed.R. Civ.P. 15(a)(2). However, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187, 83 (1962)).

In opposing the motion to amend, the United States effectively seeks to litigate the merits of the opinion of the expert offered by Defendants. However, the record indicates that Defendants timely sought to amend their answer upon receipt of that report. As such, the mere

fact that the United States believes the opinion to be misguided or unfounded does not provide a basis for denying amendment. Moreover, the Court does not find sufficient reason to deny the motion in the fact that counsel was unaware of the purported defense offered by the expert – this lack of knowledge is precisely the reason an expert was employed in the matter.

The Court, however, is mindful of the United States' contention that the scope of discovery may be altered by virtue of this newly proposed defense. Accordingly, the Court will entertain a motion to extend the discovery deadline if it is properly supported by a specific, detailed argument explaining the scope of discovery necessitated by the amended answer.

Next, the Court must address whether the United States properly submitted a rebuttal expert report. Based upon the full record of this matter, the Court finds that the rebuttal expert report is improper.

The United States has provided a substantial number of cases that stand for the holding that when a case management plan is silent, the Federal Rules of Civil Procedure shall be applied. According to the United States, as this Court's order is silent regarding rebuttal reports, a report is appropriate under Fed. R. Civ. P. 26(a)(2)(D)(ii). However, in raising this argument, the United States ignores the case management conference that occurred in this matter. During that argument, counsel for the United States specifically requested that the Court allow the parties to follow the dates and deadlines for expert disclosures under Rule 26. In turn, the Court notified the parties that it was not the Court's practice to follow those dates, that its dates were set earlier for a specific purpose, and that it would set discovery cutoff dates that allowed a proper period for expert discovery. As such, while the case management plan may not contain a reference to rebuttal reports, the record in this matter is not silent. All parties were placed on notice that the Court would and did establish expert dates outside of Fed.R.Civ.P. 26.

Furthermore, the Court expressly informed the parties that it chose a discovery cutoff date that it believed allowed for the proper period of time to complete expert discovery after the disclosure of reports.   At that time, no one raised the issue of rebuttal reports, and such reports were certainly not contemplated by the Court.

As the Court did not expressly preclude rebuttal reports in its written order, it is understandable that the United States relied upon rule 26.   However, given the Court's statements during the case management conference, the Court finds the report to be improper. The report is hereby STRICKEN.   No further sanction shall apply.

IT IS SO ORDERED.


September 16, 2014  /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE